R. Tilghman and Ingersoll, Wilcocks & Serjeant, for defendant. [1]

Verdict for the plaintiffs for $19,400.

---

## Case No. 8,420.

LIVINGSTON et al. v. VAN INGEN et al.

[1 Paine, 45; [2] 4 Hall, Law J. 56.]

Circuit Court, D. New York. April, 1811.

COURTS—INFERIOR COURT — JURISDICTION BY ACT OF CONGRESS—IN EQUITY—INFRINGEMENT OF PATENT.

1. The circuit courts are not inferior in the technical sense of the books. but are so only as subordinate to the supreme court. But their jurisdiction is special and limited.

2. If jurisdiction of "cases arising under the laws of the United States" be not conferred on the circuit courts by an act of congress, they cannot take cognizance of them.

[Cited in Re Barry. 42 Fed. 122; U. S. v. New Bedford Bridge, Case No. 15,867.]

3. And where congress have given an action at law in the circuit courts in certain cases, they do not thereby acquire jurisdiction so as to entertain in those cases a bill in equity not relating to an action at law.

4. But, whether, if it should become necessary in an action at law in the circuit courts to appeal to their equity side in aid or defence of such action. those courts would have the necessary equity powers. Query.

5. A bill filed to restrain the infringement of a patent. where both parties were citizens of the same state dismissed, and an injunction refused—congress having confined the remedy for a breach of patent rights to an action at law, and the judiciary acts not giving the court jurisdiction in equity, except in cases between citizens of different states.

[Cited in Cochrane v. Deener, 94 U. S. 782; Nevins v. Johnson. Case No. 10,136; Root v. Lake Shore & M. S. R. Co., 105 U. S. 191.]

[1] The defendant's counsel tendered a bill of exceptions to the admission of Anderson's testimony. and also to the opinion of the court on the points stated in the charge. A writ of error was accordingly brought, but never prosecuted.

[2] [Reported by Elijah Paine, Jr., Esq.]

In equity.

J. O. Hoffman, C. D. Colden, and C. Graham, for complainants.

T. A. Emmet and J. Wells, for defendants.

LIVINGSTON, Circuit Justice. The complainants by their bill appear to be proprietors of boats on the Hudson river, propelled by steam, and claim a right to the exclusive navigation of the waters of New York in that way, in virtue of two patents from the United States, and several laws passed by this state. The defendants have built and are using a steam boat on the same river for carrying passengers, and are building another for the same purpose, in violation, as it is alleged, of their rights under these patents and laws. The bill prays that the complainants may be quieted in the possession and enjoyment of these rights; that the defendants may be restrained by injunction from constructing or using these boats on the waters of the state of New York; and that the rights of the complainants under their patents and the laws of the state may be established. All the parties are citizens of the state of New York, and no action has been brought at law to try the title of the complainants. On the filing of this bill a motion has been made to a judge at his chambers for an injunction to restrain the defendants from the employment of their boat. The argument has been conducted with all the ability which might naturally be expected from the gentlemen concerned, and the importance and novelty of the case.

The application is resisted on two grounds. The defendants contend: 1. That a circuit court of the United States. as a court of equity, between citizens of the same state, has no jurisdiction of this cause. 2. That if it had, this is not a case proper for its interposition in this way.

It will not be denied that the awarding of a writ of injunction of this nature is one of the highest and most important functions which a court of equity can be called upon to exercise. The court is asked to inhibit a party from the full use and enjoyment of his property without any previous trial whatever—when that property is of a perishable nature, and must have been built at a very great expense, and when, if employed, it cannot fail of producing great gains, for the loss of which, however serious or extensive, the owners, if eventually successful in the controversy, will have no remedy against any one; while the plaintiffs, if aggrieved, will be entitled to a threefold recompense for any subtraction or diminution of profits to which they may for some time be exposed. This too, it is expected, will be done without the previous institution of any action at law, and without the opportunity of any other proper mode of trial to decide on the matters which the defendants are authorized by law to allege in their defence. When process of such

high import and serious consequences is applied for, it becomes a court,· and still more a judge at his chambers, to inquire with more than ordinary circumspection into his powers, and to stay his hand, unless he shall be fully and entirely satisfied of his jurisdiction; that the merits of the complainants are very great, and that they are eminently entitled to the favour of the public, and to every reasonable protection which government can afford, no one will deny. But when we are inquiring not into what ought, but into what has been done, considerations of this kind, however naturally or excusably they may be pressed upon a court, can afford but little aid in coming to a correct decision.

A judge of the supreme court may in vacation allow a writ of injunction in those cases only, where it may be granted by the supreme or a circuit court. That the supreme court, unless on appeal, has the power of awarding this writ is not pretended. The examination therefore has been properly confined to the authority of a circuit court. If the circuit court of this district possesses no jurisdiction over the cause, it follows that the present application must fail. This jurisdiction is denied on the ground, that the parties, being all citizens of the same state, have no right to apply to the equity side of the court for relief by original bill, unless jurisdiction in such case be given by some act of congress. By the federal constitution, the judicial power is vested in one supreme court, and in such inferior courts as congress may from time to time ordain and establish, and extends to all cases in law and equity, arising under the constitution and laws of the United States, and controversies between citizens of different states. A further enumeration of its powers is not necessary for understanding the present question. By the judiciary act [1 Stat. 73], the circuit courts have original cognizance, concurrent with state courts, of all suits of a civil nature at common law or in equity, of a certain value, where the United States are plaintiffs, or an alien is a party; or where the suit is between a citizen of the state where it is brought, and a citizen of another state. By an act passed in 1800 [2 Stat. 37], an action on the case, founded on that. and a former act, is given to a patentee whose rights are invaded, to be prosecuted in the circuit court of the United States. having jurisdiction thereof, for a sum equal to three times the actual damage sustained. But this being a suit in equity, it is asked by what authority it is brought here. unless the parties be citizens of different states: and much has been said of the impropriety of an inferior tribunal extending its jurisdiction to cases not particularly assigned to it.

If these courts be not inferior in the technical sense of the books. which they most certainly are not. they are so in some respects. They are not only so considered by the constitution, but are in fact subordinate to the supreme court, and notwithstanding their high and responsible original powers, which extend to so many and such important cases, of a criminal and civil nature, and by appeal, to admiralty and maritime causes, there can be no doubt that their jurisdiction is special and limited, both in regard to the nature of the cases on which they can decide, and the character of the parties who can come into them. It is as certain, that they are indebted to congress, under the constitution, for their creation, and that instead of extending their powers as the exigencies of suitors may require, or may by themselves be thought reasonable, they have hitherto been regarded as dependent on that body for all the powers they possess. Owing as they do their existence to congress, from them must necessarily flow that portion of the general judicial power which, by the constitution, they have a right to divide among the inferior courts that may be established. Thus constituted and organized, little would it become them to transcend a jurisdiction, which the constitution intended should be limited at the discretion of the legislature, and which congress have circumscribed accordingly. While moving within their legitimate sphere, as marked out by the legislature, they may .hope to give satisfaction, and to inspire confidence in the important department of government of which they form a branch. It would seem then enough to say that there being no act of congress conferring on these courts a right in any case to take cognizance of a suit in equity, between citizens of the same state, this court can have no jurisdiction of the present cause, which is between parties of that character. This seemed to be almost conceded, unless by the constitution there was secured to these courts certain powers which might be called into exercise without waiting for any special authority from congress. To show that this was the case, it was said. that this being a case arising under the laws of the United States, and being found in the constitutional enumeration of cases of federal cognizance, it must, whether allotted by congress to a particular tribunal or not, be cognizable by one or other of the courts which may be established. This argument proceeds on a "supposition that the whole power of the judiciary must always reside somewhere. so as to be called into operation as occasions may require. If congress had created inferior courts without any designation as to the cases of which they were to take cognizance, it is said they would have concurrent jurisdiction of all cases mentioned in the constitution, except of those which were therein exclusively devolved on the supreme court. That this being a case of chancery cognizance, and the district court. not possessing equity power, must, ex necessitate, be triable where such powers exist, or that there will be a failure of justice; and the danger of permitting congress in any way to abridge the objects of

cognizance secured by the constitution to the judiciary, and, through them, to the people of the United States, was expatiated on at some length. As congress cannot add to those powers, it should not be admitted for a moment, it was argued, that they possessed the right of substracting from them, or of permitting them to be dormant, by not legislating sufficiently. Without stopping to inquire whether there be any ground for these apprehensions, or denying any weight to the argument, it will not be deemed disrespectful to the counsel who advanced it, if it is not thought necessary to examine the course of reasoning, from which this conclusion is presumed to follow, because on this point we are not without authority. The supreme court has decided, and after an argument, which, if we except the one to which I have just had the pleasure and honour of attending, has perhaps never been surpassed on any occasion; that if jurisdiction of cases arising under the laws of the United States be not conferred on the circuit courts by an act of congress, they cannot take cognizance of them. The case of the Bank of the United States against Deveaux, is here referred to, which was decided in February term, 1809, a report of which is not yet published.

It was there made one question, whether a right was conferred on the bank to sue in these courts by its act of incorporation, or any other law of congress. It was decided not only that the circuit court derived no jurisdiction over a case arising under the laws of the United States from the judiciary act, that class of cases not being provided for by it, but that from the law which incorporates it, the bank acquired no right to bring an action in those courts, although there were expressions in that act, which it was very strongly insisted on, gave it to them. In support of this decision, if it required any to render it binding, reference might be made to a contemporaneous exposition of the constitution by the great and wise men who composed the legislature that organized the judiciary, and to what appears to have been the understanding of congress from that time to the present day; for whenever it was intended that these courts should take cognizance of a case arising under any law of the United States, such power was expressly delegated to one of the federal courts, congress well knowing that the judiciary act was silent on this point, and not supposing that any such power by the constitution was given to the circuit court. This too may be collected from an act that passed in 1800, which, in terms, gave to the courts then erected, jurisdiction over this class of cases, but which act, being afterwards repealed, although not on account of this clause, left us as before, without any general provision on the subject. If other evidences are wanting that the supreme court has not fallen into so great an error, as it was thought to have done by this decision, it might be collected from the journal of the senate of the United States. There we find that the judiciary act was prepared by a committee consisting of a member from each state, most if not all professional men, and it cannot be believed that, in a law drawn with so much care, and embracing such a variety of provisions, so important an omission was casual. It must have been the result of much reflection, and shows their sense at least, that congress were not bound to clothe the courts which they might create with all the powers which by the constitution they had a right to confer. When it is recollected that three gentlemen of this committee were afterwards judges of the courts of the United States, an allusion to what must have been their opinion when senators, on a point immediately under their consideration, cannot be thought improper. The same principle is recognised by the very laws under which the plaintiffs claim; for the judiciary act not having made any such provision in such a case, unless the parties were citizens of different states, it was thought necessary to establish by those acts the right of a patentee to sue in a circuit court, but at the same time, such right was restricted to its legal forum: as it regards this case then, the legislature is not chargeable with any omission, or with affording a remedy, without a designation of the tribunal which was to administer it, for although by the constitution the judicial power is extended to all cases in law and equity, arising under the laws of the Union, congress may certainly say that the relief which they intended to afford in a particular case shall be at law only. If it had been thought proper to proceed at law in this court, the complainants would probably have found no difficulty on the score of jurisdiction, and it may be added, that if this case be of equity cognizance at all, (which has been strongly controverted and on which no opinion is given,) it is probably so at common law, and in that case congress were not bound, even if they had the right, to give jurisdiction of it to any federal court.

It was further urged in favour of the present jurisdiction, that the supreme court of this state has decided that an action cannot be maintained there, founded on the patent laws of the United States; and that as the court of chancery of the state would give no relief, the parties thus excluded from the federal and state courts, would be without redress, if the decision of the supreme court of the United States were considered as applying to them. It is not for me to say what the chancellor of this state will think his duty, if a similar application be made to him; but if this be a case of equitable jurisdiction at common law, as it was sometimes alleged to be by the complainant's counsel, no objection is perceived to his taking cognizance of it. But should he think otherwise, there is still another answer to this difficulty, which is that if the parties be

remediless it is no fault of the law, which gives them if not a perfect, at least a liberal, and what will probably prove, if they choose to pursue it, a very effectual remedy; for it is not to be believed, as was supposed at the bar, that they will have to bring action after action to establish their right. Let them proceed in only one trial at law, and the defendants will not be hardy or foolish enough to continue on very unequal terms, what will then be settled to be a violation of their patent rights; such a verdict will for ever after keep all intruders at a distance. But if absolutely without remedy elsewhere, it does not follow that this court can help them. A court, constituted like this, is not to reason itself into jurisdiction from considerations of hardship, when a plain and safe rule is prescribed by the supreme court, which is, to examine on all occasions, what powers are committed to it, by the laws of the United States.

Another argument which it may be expected will be noticed, was, that as an action at law under the patent acts may be prosecuted in this court, even between citizens of the same state, there was, necessarily, conferred on it a right to hold jurisdiction of the present bill; for as the court possessed equity powers in virtue of the judiciary act, it was impossible to give it jurisdiction as a court of law, without at the same time calling into exercise its powers as a court of equity. If it becomes necessary in an action at law regularly before it, for either party to appeal to its equity side, in aid or defence of such action, such application might not be improper. But this is not a bill of that kind. It would be the action at law in such case, on which its jurisdiction would attach. But the answer to the argument is, that by the judiciary act no equity powers are given to this court, between citizens of the same state; and it results from the decision which has been cited, that a circuit court must not only confine itself to the cases defined by congress, but that if by a particular act it is authorized to proceed in the given case as a court of law only, a party must come into it on that side, to bring himself within the provisions of it. There being then no law conferring on this court a right to take cognizance as a court of equity of cases of this nature, between citizens of the same state, my opinion is, that this court cannot entertain cognizance of the present bill, and that the plaintiffs therefore can take nothing by their motion. After this decision, it would be superfluous and improper to express any opinion on any other of the important points which were made on the argument of the present question. If the parties were citizens of different states, it is not intended to say that the plaintiffs would or would not be entitled to the equitable relief which they seek.

NOTE. The chancellor of the state was afterwards applied to for an injunction in this case, and refused it; but on an appeal from his decision to the court of errors, it was granted. 9 Johns. 507. Congress have since supplied this defect of jurisdiction. By the act of 15th of February, 1819, it is provided, "that the circuit courts of the United States shall have original cognizance, as well in equity as at law, of all actions, suits, controversies, and cases, arising under any law of the United States, granting or confirming to authors or inventors the exclusive right to their respective writings, inventions, and discoveries; and upon any bill in equity, filed by any party aggrieved in any such cases, shall have authority to grant injunctions, according to the course and principles of courts of equity, to prevent the violation of the rights of any authors or inventors, secured to them by any laws of the United States, on such terms and conditions as the said courts may deem fit and reasonable: provided however, that from all judgments and decrees of any circuit courts, rendered in the premises, a writ of error or appeal, as the case may require, shall lie to the supreme court of the United States, in the same manner, and under the same circumstances, as is now provided by law in other judgments and decrees of such circuit courts." 6 Colvin's Laws 369 [3 Stat. 481].